IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GREAT SOUTHERN BANK                                              PLAINTIFF

v.                Case No. 06-5164

WAL-MART STORES EAST, INC.
and TEAM LOGISTICS, LLC                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Plaintiff's Motion to Remand (Doc. 9) and Defendants' Response (Doc. 12). On August 7, 2006, Plaintiff filed its Complaint against Defendants in the Circuit Court of Benton County, Arkansas. Plaintiff seeks to recover unpaid freight charges from Separate Defendant Wal-Mart ("Wal-Mart") and damages from Separate Defendant Team Logistics ("Team Logistics")[1]. On September 5, 2006, Wal-Mart removed the case from State Court (Doc. 1), exercising its right under 28 U.S.C. § 1331, alleging that federal question jurisdiction lies with this Court. For the reasons stated below, Plaintiff's Motion to Remand is **GRANTED**.

**A. Background**

Plaintiff alleges that in November, 2004, Plaintiff entered into a Business Management Agreement (Agreement I) with Team Logistics. In the Agreement, Plaintiff purchased the receivables payable to Team Logistics by Wal-Mart, and Team

---

[1] On September 5, 2006, the Clerk's Office directed Plaintiff to file affidavits and/or proof of service for Defendants already served or to be served in the future. Plaintiff never filed such proof of service as to Team Logistics.

Logistics entered into a Security Agreement (Agreement II) with Plaintiff.  Agreement II permitted Plaintiff to demand that Team Logistics repurchase receivables if the minimum payment on any receivables remained unpaid 120 days after the invoice date.

Plaintiff contends that Team Logistics failed to repurchase the past due receivables and is liable to the Plaintiff for $37,640.31.  Plaintiff also asserts that Wal-Mart has failed to pay the amounts due on its accounts with Plaintiff and is liable for the remaining unpaid debt on the accounts receivable in the amount of $37,640.31.

**B. Standard of Review**

A defendant may remove a state law claim to federal court when the federal court would have had original jurisdiction if the suit originally could have been filed in federal court.  28 U.S.C. § 1441 (b); 28 U.S.C. § 1331.  A case arises under federal law, for purposes of § 1331, when it is apparent from the face of the complaint, either that the cause of action was created by federal law or, if the claim is based upon state law, a substantial and disputed question of federal law is a necessary element of the state cause of action.  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Removal based on federal question jurisdiction is usually governed by the "well-pleaded complaint" rule.  *Crispin v. May*

*Dept. Stores Co.*, 218 F.3d 919 (8th Cir. 2000). This rule provides that federal jurisdiction may be invoked "only where a federal question is presented on the face of the Plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987).

An independent corollary to this general rule is the "artful pleading" doctrine, which provides that "a plaintiff cannot avoid federal question jurisdiction by simply omitting allegations which clearly establish a claim under federal law." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1988). If the Court finds the plaintiff has artfully stated claims in this fashion, it may "uphold removal even though no federal question appears on the face of the plaintiff's complaint." *Id* at 475. The artful pleading doctrine creates an exception where federal law completely preempts the plaintiff's state law claims. *Id*. at 476.

The "complete preemption" doctrine applies when "the preemptive force of certain federal statutes is deemed so 'extraordinary' as to convert complaints purportedly based on the preempted state law into complaints stating federal law claims from their inception." *Crispin*, 218 F.3d at 922. The presence of a single federal claim gives the defendant the right to remove the entire case to federal court. *Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536 (8th Cir. 1996).

**C. Analysis**

Plaintiff contends that under the "well-pleaded complaint rule," federal question jurisdiction does not exist because its causes of action arise under state law and do "not raise any federal question." Wal-Mart contends that Agreement I, under which Plaintiff is suing Defendants, is a "contract carriage" and is specifically and by its express terms, governed by 49 U.S.C. §§ 13102(4) and 14101(b). Wal-Mart argues that all services performed under Agreement I are subject to and regulated by federal law. Plaintiff alleges that the federal statutes relied upon by Wal-Mart do not apply nor give rise to Plaintiff's claims. Plaintiff also contends that its claims are based wholly on state contract law and the Arkansas Uniform Commercial Code.

Plaintiff's claims do not rest on unsettled areas of federal law "exclusively requiring adjudication by a federal court," nor do they rely on a construction or interpretation of federal law for their resolution. *See McNeill v. Franke*, 171 F.3d 561 (8th Cir. 1999). Plaintiff asserts traditional state law claims based on Wal-Mart's alleged breach of contract through Wal-Mart's admitted failure to make payment to Plaintiff for transportation services provided according to the agreement terms.

Wal-Mart cites to several federal regulations as its basis

to establish that Plaintiff's claims are federal questions. However, one of the statutes it cites for this proposition, 49 U.S.C. 14101(b), clearly reveals the contrary rule of law. It states that the "exclusive remedy for any alleged breach of contract ... shall be an action in an appropriate State court or United States district court ...."

Congress did not intend these regulations to morph simple contract disputes into matters of federal question. The substance of this case is an alleged breach of contract that stemmed from a failure to comply with Agreement I terms. While Wal-Mart may cite federal regulations in its defense, and while some federal regulations may have to be interpreted for an analysis of the Plaintiff's claim. The record is void, at present, of any substantial federal question.

**D. CONCLUSION**

Based on the foregoing, Plaintiff's Motion to Remand is **GRANTED**, and Wal-Mart's Motion to Dismiss, or Alternatively Motion for Summary Judgment is **Denied as Moot** (Doc. 4). The case is hereby remanded to the Circuit Court of Benton County, Arkansas.

IT IS SO ORDERED this 22nd day of November, 2006.

/s/ Robert T. Dawson
Robert T. Dawson
United States District Judge